# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY PAUL ARNDT, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 20-2710** |
| **JUDGE CAROL K. MCGINLEY,**[1] *et al.* | : | |
| **Defendants.** | : | |

## MEMORANDUM

**YOUNGE, J.**                                                          **JUNE  16th , 2020**

Larry Paul Arndt, Jr., a prisoner in custody at Lehigh County Prison ("LCP") due to a parole violation has filed a second civil rights Complaint pursuant to 42 U.S.C. § 1983 using a preprinted form.[2]  He has also filed a Motion to Proceed *In Forma Pauperis* but has failed to submit a certified copy of his institutional account statement.  Because it appears that Arndt seeks relief under § 1983 that is not plausible, the Motion to Proceed *In Forma Pauperis* will be denied and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a plausible claim.

---

[1] Arndt's *pro se* Complaint appears to refer to and misspell the name of the Honorable Carol K. McGinley, the presiding judge in one of Arndt's state court cases.  *See In re: Civil Cost Case*, CP-39-MD-0000739-2018 (CCP Lehigh); *see also* https://www.lccpa.org/judges/mcginley.nex (last accessed June 16, 2020).  The Court has corrected the spelling of Judge McGinley's name in the caption above and in the accompanying Order.

[2] Arndt also filed a Complaint on April 21, 2020.  *See Arndt v. Rusell*, Civ. A. No. 20-1981.  That action, which was also filed using the Court's preprinted form complaint for use by prisoners seeking to assert claims under 42 U.S.C. § 1983, was dismissed in a Memorandum and Order filed on May 5, 2020 pursuant to 28 U.S.C. § 1915A because the case sought habeas corpus relief. (*See id.*, ECF Nos. 3, 4.)

## I.       FACTUAL ALLEGATIONS

Arndt has named as Defendants Judge McGinley, LCP Warden Kyle Russell, Lehigh County Clerk of Judicial Records Andrew Naugle, Lehigh County Judicial Records Chief Deputy Tuni Remick, LCP Records Officer Matt Vahlue, Parole Officer Jennifer Grimm, Parole Officer David Snyder, Court Administrator Susan Shellenberg, and Chief Parole Officer Mark Surooy.  (ECF No. 2 at 1-2.)[3]  Arndt's Complaint is handwritten and difficult to read.  Briefly stated, he appears to assert that the Defendants all made mistakes in calculating his sentences, his release dates and his eligibility for parole.  He seeks as relief an order directing the Defendants to "correct sentence, vacate sentence, expunge record, compensation, no more parole, pain and suffering, depression anxiety, unlawful confinement, have judge say she's sorry and they have all to have [illegible] punishment like I was, monetary compensation, [and] my life back."  (*Id.* at 4.)

Arndt makes allegations concerning his criminal history record to attempt to show that he is being held illegally beyond his sentence expiration.  (*Id.* at 5-9.)  He also alleges that one of his convictions, based upon his allegedly referring to a woman by an expletive, violated his First Amendment rights.  (*Id.* at 10.)  Arndt refers to a parole violation charged by Defendant Grimm on August 2, 2019, and a violation that Defendant Snyder charged one year earlier.  (*Id.*)  He asserts that the sentence imposed by Judge McGinley on the violation, which he characterizes as a life sentence, was illegal.  (*Id.* at 11.)  Finally, he asserts he is "suing for everything possible" and mentions the Double Jeopardy clause, the Due Process clause, the First and Fourteenth Amendments, pain and suffering, cruel and unusual punishment, unlawful imprisonment, and mental injury.  (*Id.* at 15.)

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

As the Court recounted in the prior Memorandum, a review of public records indicates that an arrest warrant for Arndt was issued on February 6, 2020 for a parole violation.  *See Commonwealth v. Arndt*, CP-39-CR-3938-2018 (C.C.P. Lehigh).  Arndt was originally sentenced to a term of twenty-three months of incarceration stemming from a guilty plea on October 18, 2018 to charges of resisting arrest and granted immediate parole.  (*Id.*)  He was taken into custody on the parole violation charge on February 10, 2020 and waived a preliminary hearing on the violation that same day.[4]  (*Id.*)  Arndt filed a motion for parole on April 7, 2020 and a petition under the Pennsylvania Post-Conviction Relief Act on April 21, 2020.

The state court docket reflects that counsel was appointed for Arndt on May 7, 2020 and he waived his *Gagnon II* hearing on his parole violation charge on May 11, 2020.  That same day, Arndt was sentenced on the parole violation.  (*Id.*)

Arndt's parole was also violated twice in a separate criminal case, *Commonwealth v. Arndt*, CP-39-CR-2756-2018 (C.C.P. Lehigh).  In that case, he was appointed counsel, waived a *Gagnon II* hearing on October 16, 2019 and was sentenced the same day.  He violated again on February 5, 2020, was appointed counsel and waived a preliminary hearing on February 10, 2020.  On May 11, 2020, he waived his *Gagnon II* hearing in that case and was sentenced for the violation.

## II.    STANDARD OF REVIEW

Until recently, this Court would have been precluded from addressing a plaintiff's pleadings unless and until he either paid the fees or was granted leave to proceed *in forma pauperis*.  *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d

---

[4] Arndt acknowledges in the current Complaint that he waived his preliminary hearing. (ECF No. 2 at 13.)

Cir. 2008) (per curiam) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal"); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*).  However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc), the United States Court of Appeals for the Third Circuit recently announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  *Id.* § 1915A(b)(1).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  As Arndt is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

4

### III.   DISCUSSION

Arndt has again filed a civil action using the preprinted form complaint that one may use to bring a civil rights claim under § 1983.  That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

As Arndt did in his prior civil action, he has again brought a § 1983 claim in which he asks to be released from custody.  However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent that he also seeks to bring claims for money damages based upon his continued incarceration, those claims would also be barred since "to recover damages [or other relief] for allegedly unconstitutional . . . imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74,

81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck* 512 U.S. at 487. The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations.  *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cty. Court House*, Civ. A. No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012).[5]

Because a money judgment in favor of Arndt on his current claims would necessarily imply the invalidity of his parole violation or sentence, his claims for money damages for the alleged violation of his constitutional rights are barred by *Heck*.  Because Arndt cannot seek his release from custody under § 1983 or seek money damages based on his incarceration at this time, his Complaint is dismissed pursuant to § 1915A, without leave to amend since any attempt at amendment would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir.

---

[5] Even if not subject to the *Heck* bar, Arndt's claims for money damages would be subject to dismissal under § 28 U.S.C. § 1915(A) for other reasons.  He has named defendants, such as the trial judge, who appear to be absolutely immune from suit; he does not explain how other defendants were personally involved in the conduct about which he complains; and he has failed to set forth a plain statement of his claims so that the Defendants would be on notice.  *See* Fed. R. Civ. P. 8.  Because the dismissal is based on the more fundamental problems for which the Complaint fails to pass § 1915A screening, the Court declines to address these other problems in detail.

2002).  However, the damages claims that are barred by *Heck* will be dismissed without prejudice to Arndt filing a new civil rights complaint for damages only in the event his convictions are invalidated.  *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). Furthermore, nothing in this Memorandum prevents Arndt from challenging his sentence by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting state remedies.[6]

An appropriate Order follows.

**BY THE COURT:**

  /s/ Judge John Milton Younge
**Judge John Milton Younge**

---

[6] The Court previously noted that Arndt had not exhausted available state remedies to challenge the fact or duration of his confinement.  That still appears to be the case since, while he has been sentenced on his parole violations and filed a PCRA petition, there is no indication on the record that he has appealed the violations or that a decision on his petition has been issued. While he must ordinary exhaust available state remedies prior to filing a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, the accompanying Order again provides that the dismissal of Arndt's § 1983 claims is without prejudice to him filing a writ of habeas corpus when he satisfies the exhaustion requirement.